### DAY v. HUNNICUTT et al.

(Court of Civil Appeals of Texas. Austin. Oct. 22, 1913.)

1. TORTS (§ 12*) — INTERFERENCE WITH CONTRACT RELATIONS—DAMAGES RECOVERABLE.

Where plaintiff, a negro, contracted with a carpenter for the construction of a building on a certain lot, and defendants, individually and collectively, determined that the house should not be built, and by threats deterred the contractor from erecting it, plaintiff was entitled to recover both actual and exemplary damages.

[Ed. Note.—For other cases, see Torts, Cent. Dig. § 13; Dec. Dig. § 12.*]

---

2. DAMAGES (§ 116*) — INTERFERENCE WITH CONTRACT RELATIONS—DAMAGES.

Where a negro contracted for the construction of a residence on a specified lot, and paid $200 to the contractor in advance, and he was subsequently prevented by defendants' threats from constructing the building, and retained $100 of the advance payment for not being allowed to erect the house, he having no right to retain such sum or any other amount, plaintiff could not recover the sum so retained, as a part of his damages, from defendants.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 116.*]

3. EVIDENCE (§ 488*)—VALUE OF PROPERTY—OPINION.

Evidence as to the value of real property must necessarily be a matter of opinion, and is therefore not objectionable on that ground.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2273; Dec. Dig. § 488.*]

4. TORTS (§ 27*)—INTERFERENCE WITH CONTRACT RELATIONS — EVIDENCE — DECLARATIONS.

Where plaintiff sued for damages sustained by defendants' interference with a contractor for the construction of a residence for plaintiff, a negro, evidence that one of the defendants had a conversation with the contractor, in which he warned him not to allow his material to stay on the ground until night, was admissible.

[Ed. Note.—For other cases, see Torts, Cent. Dig. § 34; Dec. Dig. § 27.*]

5. EVIDENCE (§ 129*)—RELEVANCY.

Where defendants were charged with preventing a contractor from constructing a residence for plaintiff, a negro, and he testified without contradiction that he had told defendants he would not rent the house, when constructed, to any one objectionable to them, evidence as to the character of another house owned by plaintiff in another part of the town was irrelevant and immaterial.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 388–393, 395–398; Dec. Dig. § 129.*]

6. WITNESSES (§ 275*)—CROSS-EXAMINATION—LEADING QUESTIONS.

It was not error to permit plaintiff to ask leading questions of defendant on cross-examination.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 924, 926, 967–975; Dec. Dig. § 275.*]

Appeal from Liberty County Court; I. B. Simmons, Judge.

Action by Aaron Day against J. D. Hunnicutt and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Marshall & Harrison, of Liberty, for appellant. Carter & Wilson, of Dayton, for appellees.

JENKINS, J. The appellant in this case is a negro. He owned a lot in the town of Dayton, near the residence of the appellees. He made a contract with a carpenter to build a residence on this lot for a consideration of $400, $200 of which was paid in advance. The appellees, individually and collectively, determined that the house should not be built, and so informed the contractor, who had put a portion of the material on the ground, and ordered him to get his material off before night. The contractor was deterred by their threats from proceeding with the building. They also notified appellant that he would not be allowed to erect said house. Each of the defendants testified upon trial of this case that they would not have permitted the house to be erected, and still did not intend that it should be erected. Appellant claimed actual damages by reason of the loss of rent on his building, which was to be built for that purpose, and also by reason of deterioration in the price of his lot, and for $100, which the contractor retained as his damages for not being allowed to build the house, and also sued for punitory damages.

[1] Under the undisputed evidence in this case, the court should have instructed the jury that the plaintiff was entitled to actual damages in whatever amount he had suffered by reason of the conduct of appellees, and also for exemplary damages in such amount as the jury should allow, not to exceed the amounts claimed in the petition. This disposes of the first, second, third, fourth, fifth, and seventh assignments of error, all of which are sustained.

[2] We overrule the sixth assignment of error, wherein complaint is made as to the charge of the court on the allegation of $100 damages for amount retained by the contractor in not being allowed to erect the house. This is not a proper element of damage, for the reason that the contractor had no right to retain the $100, nor any other amount. If he suffered any damage by reason of the conduct of appellees, his remedy would be a suit for damages against them, and not to retain a portion of the money advanced by appellant on the contract.

The eighth assignment complains of the charge of the court as to the burden of proof. This charge is not in the usual nor proper form, but we would not deem the error therein sufficiently material to call for a reversal of this case.

[3] The ninth assignment of error complains of the action of the court in refusing to allow appellant to testify as to the decreased value of his property, by reason of the acts of appellees. The objection to this testimony was that it was the opinion of the witness. Value is always a matter of opinion. Of course, one giving such opinion must show himself in position to do so. No such objection as this, however, was made, for which reason we sustain said assignment.

[4] Appellant offered to prove what J. D. Hunnicutt, Jr., one of the defendants, told the contractor with reference to not allowing his material to stay on the ground until night. In sustaining objection to this testimony the court said: "He (the witness) can't say what Mr. Hunnicutt told him." Of course, this evidence was permissible, and the

tenth assignment, complaining of the action of the court in this matter, is sustained.

[5] The eleventh assignment, which complains of the testimony of J. M. Hunnicutt, one of the appellees as to the character of another house owned by appellant in another part of the town, is sustained, for the reason that such testimony was irrelevant, immaterial, and prejudicial. Appellant testified, without contradiction, that he told appellees that he would not rent the house to any one who was objectionable to them.

[6] When E. P. Gill, one of appellees, was on the stand he was asked the following question: "Did you and Mr. Hunnicutt forbid Dalton (the contractor) to build a house for Aaron Day? Did you and Jim Hunnicutt forbid Dalton to put that house up?" Appellees objected because the question was leading, and the objection was sustained. That the defendant in a case, on cross-examination, cannot be asked a leading question is something "new under the sun." The twelfth assignment, complaining of the action of the court in this matter is sustained.

The thirteenth assignment of error, with reference to the testimony offered to show the decreased value of the lot by reason of the conduct of appellees, is also sustained.

We do not recall of ever having seen a record so full of errors as is this one.

The judgment of the trial court is reversed, and the cause remanded for a new trial in accordance with this opinion.

Reversed and remanded.