JOSEPH HARRY LUKACH, Plaintiff, v. THOMAS S. BLAIR, JR., HARRY P. REIGART, ROSWELL F. MUNDY, GEORGE C. BEACH, BLAIR ENGINEERING COMPANY and BLAIR FURNACE COMPANY, Defendants.

(Supreme Court, New York Special Term, July, 1919.)

Contracts — directors of corporation not liable to a stockholder for breaking contract with another corporation — tort — pleading — when motion for judgment on the pleadings granted.

>   Directors of a corporation are not liable to a stockholder for having caused the corporation to break its contract with another corporation; such an extension of the doctrine of interfering with a contract right would tend to leave directors open to tort claims whenever the corporation had failed to perform a contract.

>   Where the promissee of such a contract could enforce full satisfaction of a judgment obtained in an action against the corporation for a breach of contract, the directors would not be held personally liable and there would be no occasion for introducing a new form of remedy.

>   Complaint considered and *held* not to state a cause of action against either corporation nor against the defendant directors, and a motion on behalf of all defendants for judgment on the pleadings granted, with leave to plaintiff to plead over.

MOTION made on behalf of all the defendants except Mundy for judgment on the pleadings, consisting of

complaint and answers thereto by all the defendants
excepting Mundy.

Thomas S. Ormiston, for plaintiff.

Gardenhire & Schlesinger (S. M. Gardenhire and
Louis B. Davidson, of counsel), for defendants Blair,
Reigart, Beach, Blair Engineering Company and Blair
Furnace Company.

Roswell Mundy not appearing.

GAVEGAN, J. (1) It is evident from the complaint
that the pleader desired to state a direct, individual
cause of action in favor of the plaintiff; but it is also
evident that in so far as plaintiff sues as a stockholder,
the acts complained of would give rise to a derivative
action. The alleged wrongful acts of the individual
defendants so far as they injured the furnace com-
pany were such as would give the furnace company a
cause of action. In seeking to enforce that right of
action, plaintiff must rely on a derivative as distin-
guished from an individual or direct right of action.
That the wrongs are alleged to have been the result
of a conspiracy does not change their essential char-
acter or the character of the action which the law
affords as a remedy. Such allegations could be
inserted in nearly every complaint against directors,
based on corporate acts, which acts in the usual
course are planned and agreed upon between the
directors. By adopting the expedient of alleging that
the corporate acts performed by the directors were
performed pursuant to a conspiracy plaintiff cannot
overturn the established principles of law relating to
derivative actions. *Brock* v. *Poor,* 216 N. Y. 387.

(2) The complaint is insufficient to state such an

action as a creditor may maintain under sections 90 and 91 of the General Corporation Law (*Steele* v. *Isman,* 164 App. Div. 146) or an action like *Shalek* v. *Jetter Brewing Co.,* 155 N. Y. Supp. 972; for it fails to show either that plaintiff is a judgment creditor or that it would be impracticable to obtain a judgment against the furnace company or against the engineering company.

(3) Plaintiff's brief indicates that he seeks to recover the damages resulting from a breach of contract. (a) No action on contract can be maintained against the defendant directors who were not parties to the contract. (b) It seems plaintiff, vaguely and indefinitely, relies on an alleged tort akin to the tort of interfering with a contract right. The limits within which that doctrine will be confined have not been worked out. See 18 Harv. Law Rev. 423; Elliott Cont. chap. 56. The briefs do not refer to any case in which an attempt was made to hold the members of a directorate liable on that theory for having caused their corporation to breach its contract. Such an extension of the doctrine would tend to leave the directors open to tort claims whenever the corporation had failed to perform a contract. In the exercise of their discretion and in acting on their judgment for the benefit of their corporation, the directors should be free from possible liability of that kind. Moreover, it would not seem feasible to draw a line between directors' acts which are dictated by no other motive than the performance of their duties as directors and their acts which, though they may be performed in transacting the business of the corporation, are actuated by ulterior motives — such as the motive to bring about a breach of a corporate contract. But even were directors to be held liable for so conducting their corporation as to cause it to fail to perform its con-

tract, it is probable that they would not be held personally liable where the promisee could enforce full satisfaction of a judgment obtained in an action against the corporation for breach of contract. In that situation there would be no occasion for introducing a new form of remedy. Accordingly, if the principle applied in *Lumley* v. *Gye,* 2 El. & Bl. 216, and in *Rice* v. *Manley,* 66 N. Y. 82, should be extended to hold directors for bringing about the non-performance of corporate contracts, it is likely to be limited to cases where a judgment against the corporation would be worthless. In this case there are no allegations tending to show that the engineering company is not responsible. As to the furnace company, the complaint alleges it has not received the assets which should have been turned over to it; and that its cash assets were converted. It cannot be said, however, that the complaint alleges the furnace company to be without assets or even insolvent. Indeed, it is indicated that it received some assets. (c) No cause of action in tort against either corporation is alleged, so that the directors cannot be held on the theory that they are liable as joint tort-feasors with either of their corporation principals. Plaintiff contends he has alleged that the furnace company caused the engineering company to breach the contract made with Grenfell and plaintiff, that thus he has set forth the commission by the furnace company of a tort, and that, therefore, the defendant directors are liable as joint tort-feasors. But the complaint, so far as it attempts to set forth acts of a tortious character, relates to the acts of the individual defendants. The complaint does not indicate that the pleader intended to set forth facts showing that the furnace company was guilty of the tort of interfering with the contract obligations which it is claimed the engineering company owed to plaintiff.

(d) There is nothing in this complaint to show that the corporate form was used as a mere cloak; for plaintiff relies on alleged abuse of corporate action.

(4) No violation of plaintiff's rights is set forth unless it be a violation of his rights as a stockholder or his rights as a creditor, or of his rights based, directly or indirectly, on the contract referred to in the complaint. It is apparent that no cause of action against the defendant directors has been stated. Does the complaint state a cause of action against either of the corporate defendants? It has been shown above that no cause of action in tort against either corporation has been set forth. The failure of the plaintiff to make the contract of June, 1912, a part of the complaint and his failure to clearly differentiate between the undertakings which were to be performed by the engineering company and those which were to be performed by the new company, the furnace company, gives rise to difficulty in considering whether a cause of action for breach of contract against either corporation has been stated. Evidently, it was the pleader's idea to set forth that the parties to the contract contemplated that it would be adopted by the furnace company and that the furnace company would undertake to carry out some of the provisions affecting plaintiff and Grenfell. That is made very clear from subdivisions 4 and 5 of paragraph II of the complaint. Subdivision 4 provides that plaintiff and Greenfell were to be appointed the sole representatives of the new company in Europe. They could be so appointed only by the new company. Subdivision 5 provides that they were to receive as commissions a percentage of the first $200,000 received by the new company on account of the sale of preferred stock or the sale of foreign patents. The fair inference from the complaint is that the undertakings in said sub-

division 5 were to be undertakings of the new company as distinguished from undertakings of the engineering company. In so far as plaintiff seeks to declare for the failure of the new company to perform its alleged obligations, the complaint fails to state a cause of action because it fails to state by direct allegation that the new company adopted the contract. It is possible to infer from other allegations in the complaint that the new company did adopt the contract, but such inference is by no means compelled by those other allegations. Had plaintiff intended to set forth a cause of action for a breach of contract against the new company, he would not have left to such uncertain inference a vital and necessary part of his cause of action. In considering the complaint to see whether it states a cause of action for breach of contract against the engineering company, it is first essential to distinguish between the undertakings of the engineering company to the new company and the undertakings of the engineering company to plaintiff, or to plaintiff and Grenfell. The complaint contains numerous allegations tending to show that the engineering company failed to perform its alleged obligations, growing out of the contract of June, 1912, to the new company; but for the alleged failure of the engineering company to perform its obligations to the new company plaintiff has no direct, individual cause of action. Judging from the first amended complaint, the obligations which the engineering company is alleged to have undertaken, so far as they relate to plaintiff, have been fully performed. Paragraph XI alleges that the shares of stock in the new company required by the agreement of June, 1912, to be delivered by the engineering company to the plaintiff, on performance by plaintiff and Grenfell, "were duly delivered to this plaintiff." It seems to me that by no fair inference

can the complaint be held to allege that the engineering company undertook to render to plaintiff directly the performance of any obligation other than such delivery of stock. It is, therefore, apparent that no cause of action for breach of contract against the engineering company has been stated.

In deciding this motion on the pleadings it would be improper for me to consider the proposed second amended complaint. It is not part of the pleadings. Moreover, it would seem that this court should not be called on to further consider the case until plaintiff, deciding on and proceeding on some definite theory, scientifically sets forth the elements of a cause of action. The complaint should be made up of allegations of ultimate facts, conclusions of law and mere evidentiary facts being omitted. It should also be noted that the written instruments referred to in the complaint are not made parts of it by the statement that they are incorporated in it when in fact no copies thereof are attached. The motion for judgment on the pleadings is granted in favor of each of the moving defendants. Plaintiff may have leave to plead over on payment of ten dollars costs.

Ordered accordingly.