**MEADOWS v. FIRST NAT. BANK OF HARLINGEN.**

No. 10928.

Court of Civil Appeals of Texas. San Antonio.

March 19, 1941.

Brown & Criss, of Harlingen, for appellant.

Carter & Stiernberg and Osce Fristoe, all of Harlingen, for appellee.

NORVELL, Justice.

This is an appeal from an order of dismissal entered after the sustaining of a

general demurrer to appellant's petition and his refusal to amend. Appellant, D. B. Meadows, here contends that the stricken petition asserted three causes of action or theories of recovery against appellee, First National Bank of Harlingen, based upon (1) the malicious prosecution of a civil suit, (2) the malicious breach of contract on the part of the bank in refusing to pay checks drawn by appellant upon funds held by the bank subject to appellant's check, and (3) an unreasonable, unwarranted and oppressive method used by the bank for the collection of a debt known to have been paid and not then owing, which directly resulted in the violation of Meadows' "right of privacy."

Actual damages prayed for were as follows:

1. Attorney's fees expended in defending the lawsuit alleged to have been instituted maliciously and without probable cause —$50.

2. Time expended by appellant in preparing his defense to said suit—$175.

3. Mental anguish, nervousness and worry, humiliation and embarrassment suffered by appellant and his wife—approximately $4,800.

Appellant also prayed for the recovery of exemplary damages in the sum of $5,000.

The order or judgment appealed from contains the following recitals and holdings: "Counsel for plaintiff (appellant) stated in open court that plaintiff (appellant) was not suing defendant (appellee) for any money detained on deposit or for interest on any money detained, and the court was of the opinion that plaintiff (appellant), under the allegations of his petition, is not entitled to the several items of damage therein sought to be recovered, but that said petition only stated a cause of action for nominal damages below the jurisdiction of this court, and that the defendant's (appellee's) general demurrer to said petition should be sustained."

█ "The rule in Texas is that exemplary damages cannot be recovered unless the plaintiff is shown to have sustained actual loss or injury. There can be no recovery of exemplary damages in the absence of a recovery of actual damages. A verdict of nominal actual damages is not sufficient." Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397, 409.

If, therefore, the particular items of actual damages prayed for in the petition, attorney's fees, time expended, mental anguish or disturbance suffered, can not be recovered as such, the order of dismissal was the only order which could have properly been entered by the trial court, as a district court has no jurisdiction over an action of this character when only nominal actual damages can be recovered under the pleadings.

Although appellant's petition is very lengthy and detailed, especially the part thereof relating to the charge of malice and the resultant mental disturbances suffered by appellant, the controlling allegations, stripped of their descriptive adjectives, may be briefly stated as follows:

On April 11, 1935, appellant owed the bank $1,941.93 upon a note. He gave the bank some security for this note, under an agreement that if the note was not paid upon maturity, the bank should take the security in satisfaction of the note.

Appellant complied with this agreement, conveyed the security to the bank in full payment and satisfaction thereof, but failed to secure the return of the note.

About September, 1939, the bank, then having possession of the note, demanded payment thereof and threatened suit thereon. On October 19, 1939, the bank informed appellant that it would refuse to honor the checks of appellant and his wife, drawn against various accounts in the bank, until appellant made a settlement of the note in question. The bank also brought suit upon the note the same day.

On November 3, 1939, this suit was dismissed at the cost of the bank.

While the suit was pending, the bank refused to honor certain checks, drawn by appellant and his wife. It seems that one of these checks, in the amount of $3, was taken up by appellant. Payment upon a part of the remaining checks issued during this period was delayed but ultimately made by the bank. The bank made no further attempts to impound appellant's funds or to dishonor his or his wife's checks after November 3, 1939.

Appellant filed suit for cancellation of the note involved and upon the bank's disclaimer, a judgment in his favor was entered on January 29, 1940.

The bank knew that the note involved had been paid, and yet instituted suit thereon maliciously and without probable cause. All of the acts complained of were done by the bank in an effort to take an unconscionable advantage of appellant and force him to

pay a debt he did not legally owe. These acts caused appellant and his wife extreme mental anguish and emotional disturbance. In this connection, appellant pleaded various circumstances surrounding his family, such as the fact that he had children in college dependent upon him for financial support, and that because of the bank's actions he was unable to send money to his children.

 We now examine the first theory of recovery advanced by appellant, i. e., the malicious prosecution of a civil suit. We are of the opinion that the petition fails to state a cause of action in this particular, for the reason that it does not appear from the petition that an interference with, or seizure of, appellant's property resulted from or was incident to the filing of the suit on the note. Pye v. Cardwell, 110 Tex. 572, 222 S.W. 153. Appellant argued that the action of the bank, in arbitrarily withholding appellant's funds subject to check, constituted an interference with or seizure of property. The action of the bank in dishonoring appellant's checks did not result from the invocation of judicial authority or any legal process incident thereto, and for this reason the contention of appellant must be overruled.

The above holding disposes of the first theory of recovery (malicious prosecution) and the first two items of alleged actual damages, attorney's fees, and loss of time, etc., which were incident to the defense of the unfounded action brought by the bank against appellant. Clearly, these items could not be recovered as actual damages incident to the second and third theories of recovery advanced by appellant. It is not necessary for us to decide whether or not such items are recoverable as actual damages in a suit for malicious prosecution, as we have held that the petition here fails to assert a cause of action in that respect.

▪ The only remaining element of actual damages prayed for by appellant is that of mental anguish or emotional disturbance. In State National Bank of Iowa Park v. Rogers, Tex.Civ.App., 89 S.W.2d 825, it was held that damages for mental suffering occasioned by the bank's dishonoring a check drawn by plaintiff could not be recovered as actual damages. This holding disposes of appellant's second theory of recovery, and leaves for consideration the theory of recovery based upon what appellant terms an invasion of his "right of privacy."

▪ Under this theory, appellant asserts that the petition discloses one of those causes of action wherein a pecuniary recovery is allowed for mental and emotional disturbance, even though no other grounds are pleaded as a basis for an award of actual damages. In this connection, we have read, with a great deal of interest, the authorities cited by appellant, particularly the article entitled "Mental and Emotional Disturbance in the Law of Torts" by Calvert Magruder, in 49 Harvard Law Review, 1033, and the cases therein discussed.

We are, however, of the opinion that, as above pointed out, mental and emotional disturbance is not an element of actual damages recoverable because of the wrongful action of a bank in dishonoring a check. We further conclude that the case presented by appellant's petition is not one of those in which actual damages for mental distress are recoverable upon the theory that appellant's "right of privacy" has been violated.

The order of dismissal entered by the trial court was correct, and is accordingly affirmed.