JOSEPH MOSKOWITZ, Respondent, v. JOSEPH FEUER, Appellant.— In the light of the admitted sale of the mill, apparently, although not expressly stated, to Continental Grain Company, there does not seem to have been even a showing of breach of contract. The inference created is that the sale terminated the lease of the mill by Continental Grain Company and, thereupon, the employment contracts, based upon that lease, were also terminated. In any event, on the facts as alleged, as distinguished from sheer conclusions, no cause of action is set forth to hold liable the defendant for the breach by Continental Grain Company, of which he was an officer and a director. (*Greyhound Corp.* v. *Commercial Casualty Ins. Co.*, 259 App. Div. 317; *Lukach* v. *Blair*, 108 Misc. Rep. 20; affd., 192 App. Div. 957; *Hicks* v. *Haight*, 171 Misc. Rep. 151.) Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of WESTCHESTER TITLE AND TRUST COMPANY, Appellant, Impleaded with Others, v. PERCY S. ALDEN et al., Defendants, and JOHN E. MACK et al., Respondents.— The fees allowed by Special Term were excessive. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY COHEN, Appellant.— There was no proof adduced by the People that this defendant was a licensee, but to the contrary, it was undisputed that he was an employee of a licensee. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.