Per Curiam.

Plaintiff, a broker, appeals from an order granting motion of the individual defendant Wolf, president of defendant corporation M. S. W. Hotels, Inc., to dismiss the second cause of action for insufficiency against him.
The first cause of action, repeated in part, in the second cause of action, alleges that plaintiff was employed as broker by defendant corporation which owned the real property in question and that plaintiff earned his commission against defendant corporation by procuring a purchaser ready, willing and able to buy at the price designated by the seller. Therefore the first cause of action fails to set forth that plaintiff was prevented from earning a commission in consequence of any conspiracy by any of the defendants. While inconsistent causes may be alleged, the second cause of action could not charge, without contradicting the first cause of action which it reiterates, that plaintiff was prevented from consummating a transaction, negotiations with respect of which were about to reach fruition, by any conduct on the part of the defendants. The allegations that the defendants Wolf and Phillips “wrongfully and unlawfully conspired * * * and «- « agreed ” to withhold the fact that the contract of sale had been entered into are merely eonclusory.
The second cause of action, to be sure, alleges that plaintiff was employed by defendant Wolf as a real estate broker to procure a purchaser for the premises owned by the corporation and promised and agreed that the corporation would pay plaintiff the usual commissions, and that the sale of the property was later effected through sale of the stock of defendant corporation by defendant Wolf to defendant Phillips who thereupon was elected president. This alleges merely that Wolf acted as an officer of the corporation on its behalf in employing plaintiff as broker. The sale of stock as distinguished from a transfer of title of the real property may not of itself defeat plaintiff’s right to recover against the corporation, if as the first cause of action alleges, which is repeated in the second cause of action, he procured a purchaser on the corporation’s terms. But there is no allegation in the second cause of action here attacked, that defendant Wolf acted against the interests of his corporation in selling the corporation’s stock.
The sound reasons for the rule we adhere to have been fully set forth in controlling authorities and need not be repeated (Greyhound Corp. v. Commercial Cas. Ins. Co., 259 App. Div. 317; Nathanson v. Brown & Williamson Tobacco Corp., 189 Misc. 1024, 1030, Shientag, J.; Moskowitz v. Feuer, 265 App. Div. 884, affd. 291 N. Y. 568; Navarro v. Fiorita, 271 App. Div. 62, 64-65, affd. 296 N. Y. 783; Said v. Butt, [1920] 3 K. B. 497, 506).
The order appealed from should be affirmed, with $20 costs and disbursements to respondent.