**Tom N. TERRY, Appellant,**

v.

**H. B. ZACHRY, Appellee.**

No. 12699.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 8, 1954.

Rehearing Denied Oct. 20, 1954.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellant.

Carl Wright Johnson, Chester H. Johnson, San Antonio, for appellee.

POPE, Justice.

Appellant, Tom N. Terry, appeals from an order sustaining a summary judgment in favor of H. B. Zachry, defendant below. Terry claimed that Zachry tortiously interfered with a contract between Terry and H. B. Zachry Company, a private corporation. The controlling point in the case is whether there was an interference by a corporate officer, such as is prohibited by law.

Terry and the corporation entered into a written employment contract in 1946, by the terms of which Terry agreed to manage the Rancho Blanco farm which belonged to the corporation. The corporation agreed to pay Terry a monthly salary, and also fifty per cent of any profits or losses on all crops after June 1, 1946. The contract detailed the equipment and property that were assigned to Terry for his farm operations, stated his duties, and had

certain provisions with reference to the accounting methods which would be used.

The parties performed under this contract for three years, and in January of 1949 Terry, as permitted by his contract, terminated the contract. The farm operations grossed almost half a million dollars. A controversy developed between Terry and the corporation with reference to the amount owing Terry, as a result of which Terry sued the corporation in the Federal Court for $70,000. The Federal District Court awarded Terry $52,864.49, together with $5,304.05, interest at 6% from July 19, 1949. Art. 5070, Vernon's Ann.Civ. Stats. The Circuit Court of Appeals, H. B. Zachry Co. v. Terry, 5 Cir., 195 F.2d 185, affirmed the judgment and the Supreme Court, 344 U.S. 819, 73 S.Ct. 14, 97 L.Ed. 637, denied a petition for a writ of certiorari. The Federal Court's judgment, among other matters, required the corporation to pay Terry one-half of certain collections made on pending claims against the railroads, one-half of the agreed value of a tractor, and costs. On December 24, 1952, the corporation paid Terry the full amount of the judgment.

In the meantime Terry filed this suit against H. B. Zachry, individually, in the District Court of Bexar County. He asserted that Zachry was the chairman of the board for the corporation when the contract was executed, that the corporate acts were performed at the specific direction and under the personal supervision and control of Zachry, that from time to time errors in accounting were made but were corrected; but that after he terminated his employment Zachry, actuated by bad faith and malice, commenced a course of action toward him. Terry stated that all records were kept by the corporation, that Zachry personally prepared an accounting for the corporation which showed only $16,537.01 was due Terry. Terry stated that certain unfounded charges against his account had been made, that he was unable to gain access to the corporation records for an audit of his own, and that he obtained a correct accounting only after he was put to the expense of his successful lawsuit in Federal Court. He alleged that Zachry told him in the summer of 1948, before Terry terminated his contract, that he, Terry, was at Zachry's mercy and the contract would mean just what he said it meant, and that it would be useless for Terry to cross him since he, Zachry, was so powerful and influential. Following these transactions, Terry then filed his suit in Federal Court, obtained an audit, held his trial, obtained his judgment, and enforced full collection. For the tortious interference with the contract, Terry seeks to recover profits he claims he would have earned from tomato and onion crops, had he received his money and planted the crops, damages for worry and anguish, refund of the attorney's fees and costs of the former suit, and punitive damages.

Zachry moved for a summary judgment and attached most of the documents of the Federal Court case, including the pleadings, the trial court's memorandum decision, stipulations of the parties, the trial court's finding the judgment, and the opinion of the Fifth Circuit Court, H. B. Zachry Co. v. Terry, reported in 195 F.2d 185, 191. The stipulations of the parties in that former suit showed that the corporation's account contained a total of fifteen main items. It showed that all but two of them were disputed in some respect. The plaintiff's showing at the summary judgment hearing reiterated the matters alleged in his petition, and stated that the position Zachry took with reference to the disputed items in the account was wrong, insupportable, actuated by malice, and that the Federal Court judgment showed that Zachry was wrong. The largest disputed item was one wherein Zachry charged Terry's account with $33,909.59. Zachry, according to the showing, made the charge under the phrase in the original contract which authorized the corporation to charge the "cost of replacement of existing equipment for your use". Terry asserted that such charges were not supported by the corporation's books, but were invented by Zachry. The Federal Court, in the action against the corporation, found that the original contract was ambiguous wherein

it stated that costs of crops "will include all the applicable direct costs * * *." The Circuit Court, when called upon to charge the corporation with damages under Federal Rule 30, held that the appeal was not "for delay without any reasonable belief in its right to prevail * * *." There is no fraud action in this case.

■ An action will lie against a third party who tortiously interferes with another's contract. 30 Am.Jur., Interference, § 19. Texas is in accord with that view. Raymond v. Yarrington, 96 Tex. 443, 72 S.W. 580, 73 S.W. 800, 62 L.R.A. 962; Yarber v. Iglehart, Tex.Civ.App., 264 S.W.2d 474; Hardin v. Majors, Tex.Civ. App., 246 S.W. 100; Bowen v. Speer, Tex. Civ.App., 166 S.W. 1183; Day v. Hunnicutt, Tex.Civ.App., 160 S.W. 134. The Supreme Court has said, "That one who willfully and without legal justification or excuse interferes so as to bring about a breach of a contract between others is guilty of an actionable wrong is no longer a question in this court." Lytle v. Galveston, H. & S. A. R. Co., 100 Tex. 292, 99 S.W. 396, 397, 10 L.R.A.,N.S., 437.

An action will not lie, however, under the statement of the rule, for every interference.[1] An important element to the assertion of such a right is that the thing done must be done without right or justification. Lytle v. Galveston H. & S. A. R. Co., supra; Tidal Western Oil Corporation v. Shackleford, Tex.Civ.App., 297 S.W. 279. Hornstein v. Podwitz, 254 N.Y. 443, 173 N.E. 674, 675, 84 A.L.R. 1, states the same rule in these words: "The action is predicated on the intentional interference without justification with contractual rights, with knowledge thereof." From these rules, therefore, one is privileged to interfere with a contract between others when he does so in the bona fide exercise of his own rights or when he possesses an equal or superior interest to that of the plaintiff in the subject matter.

■ Plaintiff's showing, giving it full effect, was that Zachry maliciously induced the corporation to litigate for the determination of the true amount owing on an uncertain and unliquidated claim. The contract was fully performed except for payment of an undetermined amount that was owing Terry. There is the additional fact that the corporation delayed in furnishing its books and accounts to the plaintiff for examination by his own private accountant. An arbitrary refusal to pay an unliquidated and disputed claim is not the basis for a suit for malicious defense of a suit. Especially is this true when the debtor is solvent. Norcross v. Otis Bros. & Co., 152 Pa. 481, 25 A. 575; Allen v. Ramsey, 170 Okl. 430, 41 P.2d 658, 97 A.L.R. 1259. See, Meadows v. First Nat. Bank of Harlingen, Tex.Civ.App., 149 S.W.2d 591. Nor does the malicious insistence by a third person that an unliquidated and disputed or doubtful claim be contested, constitute an actionable cause. Such conduct is justified.

■ Until the Federal Court ruled, no one in the world knew the amount that the corporation owed Terry. The correct amount had never been suggested by Terry or the corporation at any time during the initial negotiations between Terry and the corporation, between Terry and Zachry individually, nor at any time either before or after both sides had finally gained complete access to the books and prepared their own ideas of the accounting. Plaintiff's cause of action asserts that Zachry interfered with the corporation in that he prevented it from paying a debt, the correct amount of which nobody knew. Were the rule otherwise, an officer of a corporation would induce a corporate officer to resist a claim at the risk of invoking a personal action unless the corporation was absolutely correct. A wilful refusal to pay an unliquidated claim is not the basis for a separate and independent suit against the

---

1. For a discussion of interferences which are justified or privileged, see, Carpenter, Interfering with Contract Relations (1928), 41 Harvard Law Review 764, 745–763, and Blinkoff, Interference with Contractual Relations, 17 Corn.L.Q. 509, 517–522.

corporate officers who induced such action. 62 C.J., Torts, § 57, 86 C.J.S., Torts § 45; 30 Am.Jur., Interference, § 28, states the rule even more broadly: "It has been held, for example, that notice by a third person to a debtor not to pay his creditor by reason of which the latter is compelled to sue to recover the sum due him does not constitute sufficient ground to support an action for damages even though such notice is given maliciously. The interest on the debt is held to be compensation for the delay in payment."

Hornstein v. Podwitz, 254 N.Y. 443, 173 N.E. 674, is strongly relied upon by appellant for the point that a suit will lie against a third party who interferes with a contract, though the plaintiff may also have an action against the party to the contract. The case states the rule in New York. In the Hornstein case a broker sued two persons as purchasers, whom he had procured to buy a piece of property, and also the corporation who had contracted with him to sell the property. The two purchasers and the corporation conspired to defeat the broker's claim for commissions by making the sale without the broker's knowledge and to cut him off from the commission he had earned. The case specifically states that the question for review is whether the pleadings asserted a cause of action against the two purchasers who interfered with the contract between the broker and corporation. The suit was against third party strangers and not against the corporate officers. We mention this important matter because the New York rule announced in the Hornstein-Podwitz case, under the authority of many decisions, is not the rule in New York in a suit against an officer of the corporation acting within his powers, as distinguished from a third party stranger. By invoking the New York general rule, we feel that the New York exception to the rule should also be considered. Greyhound Corporation v. Commercial Casualty Ins. Co., 259 App.Div. 317, 19 N.Y.S.2d 239, 242, quotes from the English authority, Said v. Butt, L.R. 3 K.B. 497, which states:

" 'But the servant who causes a breach of his master's contract with a third person seems to stand in a wholly different position. He is not a stranger. He is the alter ego of his master. His acts are in law the acts of his employer. In such a case it is the master himself, by his agent, breaking the contract he has made, and in my view an action against the agent under the Lumley v. Gye principle must therefore fail, just as it would fail if brought against the master himself for wrongfully procuring a breach of his own contract. * * *' "

The Greyhound case then states, that the doctrine of Said v. Butt was later approved in Scammell & Nephew, Ltd. v. Hurley, 1 K.B. 419, and then adds: "While relating to directors and officers of a corporation, similar expression of opinion is found in this jurisdiction. Lukach v. Blair, 108 Misc. 20, 178 N.Y.S. 8. * * * Hicks v. Haight, 171 Misc. 151, 11 N.Y.S.2d 912." For those reasons a cause of action was dismissed against the president of a corporation when sued individually in Burr v. American National Theatre & Academy, Sup., 103 N.Y.S.2d 589. Accord, Application of Brookside Mills, 276 App.Div. 357, 94 N.Y.S.2d 509, 518; Vaporate Co. v. Peerless Film Processing Corp., Sup., 77 N.Y.S.2d 459; Nathanson v. Brown & Williamson Tobacco Corp., 189 Misc. 1024, 68 N.Y.S.2d 914; Moskowitz v. Feuer, 265 App.Div. 884, 38 N.Y.S.2d 242, affirmed 291 N.Y. 568, 50 N.E.2d 659; Hicks v. Haight, 171 Misc. 151, 11 N.Y.S.2d 912; See Finkelstein v. Kesalp Realty Corp., 279 App.Div. 939, 111 N.Y.S.2d 282; Petet v. Cuneo, 290 Ill.App. 16, 7 N.E.2d 774; Schuster v. Largman, 318 Pa. 26, 178 A. 45; contra, Carpenter v. Williams, 41 Ga.App. 685, 154 S.E. 298; cf. Pennington Trap Rock Co. v. Pennington Quarry Co., 22 N.J.Misc. 318, 38 A.2d 869; Vassardski v. Parish, D.C., 36 F.Supp. 1002.

■ The judgment awarding the defendant a summary judgment is affirmed.