**Edward V. MAYNARD, Appellant,**

v.

**Raymond C. CABALLERO, Appellee.**

**No. 08–87–00170–CV.**

Court of Appeals of Texas,
El Paso.

June 15, 1988.

Rehearing Denied July 13, 1988.

Texas S. Ward, El Paso, for appellant.

Jim Curtis, Ken Coffman, Kemp, Smith, Duncan & Hammond, El Paso, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

In a tortious interference lawsuit, the trial court granted a summary judgment in favor of the claimed interferer. We affirm the judgment of the trial court.

Points of Error Nos. One through Eight assert the trial court erred in granting Appellee Raymond C. Caballero's second motion for partial summary judgment.

This tortious interference lawsuit grew out of the unhappy result of a Federal criminal case. Appellant, Edward V. Maynard, Glen Sutherland and Grace Walker were indicted, tried and convicted in Federal Court for conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO). Glen Sutherland was an attorney and also Municipal Court Judge for the City of El Paso and was represented in the RICO trial by Appellee, Raymond C. Caballero. Appellant, Edward V. Maynard, was a retired former police officer for the City of El Paso and was represented by attorneys, Bert and Tim Williams. Grace Walker was an employee of a bail bonding company and also was represented by another attorney.

The conspiracy alleged in the RICO trial was that Maynard and Walker were contacted by persons who had received traffic tickets. Money was paid and the traffic tickets, with the help of Judge Sutherland, were "fixed" or dismissed. The money that had been paid by the traffic offenders was split between the Judge and Maynard or Walker, depending on who had made the arrangements with the traffic offender. Maynard, Walker and Sutherland were convicted and prison sentences were assessed. The convictions were affirmed on appeal. *United States v. Sutherland,* 656 F.2d 1181 (5th Cir.1981) cert. denied, 455 U.S. 949, 71 L.Ed.2d 663, 102 S.Ct. 1451 (1982).

Unhappy with his representation, Glen Sutherland sued his attorney, Raymond C. Caballero (Appellee in our case). Edward V. Maynard (Appellant in our case) was also unhappy with his attorneys, and not only sued them but also sued Sutherland's attorney, Appellee, Raymond C. Caballero, contending that attorney Caballero tortiously interfered with the attorney-client contract between Maynard and his attorneys in the RICO trial.

The conduct that Appellant Maynard is complaining about is that Appellee convinced his attorneys that the proper strategy during the RICO trial would be to limit the cross-examination of a prosecution witness. Maynard contends that the prosecution witness should have been vigorously cross-examined and impeached. Appellee, in conjunction with his summary judgment proof, denied any wrongful interference contending he was justified (privileged) in doing what he did because he was doing it on behalf of his client, Glen Sutherland. He also offered the testimony of Appellant's trial attorney, Bert Williams who stated:

> [M]y interest was in Mr. Maynard and not anybody else.... I wasn't worried ... about what Mr. Caballero did ... or in Mr. Caballero's situation with Mr. Sutherland.... And everything I did in this case, I did based upon what I thought was best for him [Maynard], and I did it at the time, prior to the trial and after the trial.

Appellant contends that this type of testimony will not support a summary judgment. The testimony was direct and positive as Rule 166a(c), Tex.R.Civ.P., requires of an interested witness, but such testimony is opinion testimony and shows subjective intent and cannot readily be controverted as required by the rule. *Lewisville State Bank v. Blanton,* 525 S.W.2d 696 (Tex. 1975). However, such determination is not critical to our decision in this case.

■ Before recovery can be had for contract interference, it must be determined whether or not such interference was privileged or justified. Interference with contractual relations is privileged where it results from the exercise of a party's own rights or where the party possessed an equal or superior interest to that of the plaintiff in the subject matter. *Black Lake Pipe Line Company v. Union Construction Company, Inc.,* 538 S.W.2d 80, 91 (Tex.1976). *Terry v. Zachry,* 272 S.W.2d 157 (Tex.Civ.App.—San Antonio 1954, writ ref'd n.r.e.). Restatement (Second) of Torts, sec. 767 (1979), lists the factors in determining whether interference is improper:

(a) the nature of the actor's conduct,

(b) the actor's motive,

(c) the interests of the other with which the actor's conduct interferes,

(d) the interests sought to be advanced by the actor,

(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,

(f) the proximity or remoteness of the actor's conduct to the interference and

(g) the relations between the parties.

Appellee's duty in the RICO trial was to his client, Glen Sutherland. He owed no duty to the Appellant Maynard who contends that Appellee's motive to restrict cross-examination of the prosecution witness was not solely for the benefit of this client Sutherland. But this is not for Appellant Maynard to pass judgment on. Canon 7 of our Ethical Considerations and Disciplinary Rules require that, *"A Lawyer Should Represent A Client Zealously Within The Bounds Of The Law."* State Bar Rules, Texas Rules Of Court, art. 10, sec. 9 (1988).

■ Whether an intentional interference by a third party with a contractual relationship is justifiable depends on a balancing of the importance, social and private, of the objective advanced by the interference against the importance of the interest interfered with, considering all the circumstances. 45 Am.Jur.2d, Interference, sec. 27 (1969), p. 304, footnote 3. The exercise of an absolute right or privilege protects from liability only if the right exercised is equal or superior to the right invaded. Enforcing or complying with one's own valid contract does not constitute unjustifiable interference with another's contract. An action to protect one's contractual right is also ordinarily justification for interference with another's contract. 45 Am.Jur.2d, Interference, sec. 23 (1969), p. 299.

■ We find that Caballero's conduct was privileged. As long as our statutes permit the joinder of parties in criminal and civil litigation, there is an ethical and vital need for attorneys, on behalf of their respective clients, to meet, discuss, compromise and plan joint defenses or strategies. This should be done without the fear that if one or more or all of the parties are unsuccessful that the attorneys not in privity with the other litigants should be subject to a tortious interference with contract suit. In such instances, privilege should, as a matter of law, bar recovery as long as the interference is done to protect one's contract right to represent one's own client.

In the RICO trial that gave rise to his lawsuit, each defendant had his or her own attorney. In such instances, privilege should bar recovery of a suit by a dissatisfied defendant not in privity with the other attorney or attorneys. If a particular client feels that he was not properly represented, his recourse should be against his attorney and not someone else who is not in privity and owes him no duty. Otherwise, the interest of the public in loyal, faithful and aggressive representation by the legal profession will be severely hampered to the detriment of all.

Appellee asserts that Appellant's suit is barred by the two-year and four-year statutes of limitations. We find that such assertions may have merit, but not having been urged in the second motion for partial summary judgment, we therefore will not address these contentions. Tex.R.App.P. 52.

We affirm the judgment of the trial court.

WOODARD, Justice, dissenting.

I respectfully dissent.

The defendant, in moving for summary judgment, must show at least one of the elements of the plaintiff's cause of action has been established conclusively against the plaintiff. *Sakowitz, Inc. v. Steck*, 669, S.W.2d 105, 107 (Tex.1984). The basic elements for the cause of action for tortious interference with a contract are: (1) that the defendant maliciously interfered with the contractual relationship, and (2) without legal justification or excuse.

The defendant attempted to negate the first element by the testimony of Mr. Bert Williams that he was not influenced by Mr. Caballero during the trial. Mr. Williams is an interested witness testifying to matters of mind that cannot be readily controverted. This type of proof fails to disprove the plaintiff's allegation of interference causation.

This leaves consideration of legal justification or excuse. The majority cites the Restatement (Second) of Torts for its balancing guidelines. The plaintiff contends that Mr. Caballero, in order to avert attention to the fact that he was suspect in a contemporaneous ticket fixing scheme, interfered with the plaintiff's attorney contract. A further allegation was that Mr. Caballero prevented the cross-examination of his former client/witness because the disclosure of their relationship would require disqualification of himself from the case and the surrender of a substantial attorney's fee.

In applying the Restatement balancing test with the allegation, privilege, at this point, must fail. If the defendant acted maliciously, with self-interest as the inducement, with no benefit to his client, any privilege would be perforated. The question of privilege at this juncture is a fact issue.

I humbly agree with the majority's conjecture that had the statute of limitations been properly urged in defendant's second motion for partial summary judgment, the defendant might have prevailed on this point. I say it with humility, as I was the trial judge that improperly denied the first motion for partial summary judgment on those grounds. The scanty excuse offered is that cogitation often comes more easily to the tranquil appellate justice than it does to the harrowed, hurried and noble judge of the trial bench.