Gordon W. SPEER, Appellant,

v.

CONTINENTAL OIL COMPANY et al., Appellee.

No. 5288.

Court of Civil Appeals of Texas, Eastland.

Aug. 9, 1979.

Joe B. Brack, Baytown, Darral K. Sperry, Martin, Sperry & LeBoeuf, Houston, for appellant.

Ann Lents and John Snodgrass, Vinson & Elkins, Robert A. Hall, Woodard, Hall & Primm, Houston, for appellee.

DICKENSON, Justice.

Gordon W. Speer appeals a summary judgment granted to Continental Oil Company (Conoco) and two of its employees. The issue is whether Speer's claims against these defendants are barred by Section 20 of the Real Estate License Act, Tex.Rev. Civ.Stat.Ann. art. 6573a (Supp.1978). We hold that these claims are barred. Speer also appeals the judgment rendered on a jury verdict against him in connection with his claims against two other defendants for their alleged tortious interference and alleged conspiracy. The issue is whether he can show reversible error in connection with the selection of the jury. He failed to show that he was required to take an objectionable juror after using all of his peremptory challenges. We affirm.

In connection with his appeal of the summary judgment, Speer relies upon *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974). The Supreme Court stated in *Herring* that:

This court believes that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings, as here, fail to state a cause of action.

It should be noted that the Supreme Court also states in *Herring* that:

It is recognized that a party may plead himself out of court; e. g., the plaintiff may plead facts which affirmatively negate his cause of action. . . . In such instance it is proper to grant the defendant's motion for summary judgment.

Speer's pleadings show that he was attempting to recover a commission for Conoco's purchase of real estate and that Conoco had not signed any written agreement obligating it to pay the commission. For summary judgment purposes, we must assume that Conoco, through its employees, had orally agreed to pay Speer's commission if Conoco bought the property. Even so, the oral agreement could not be enforced in view of the explicit provisions of Section 20, Article 6573a, supra. See *Miller v. Treo Enterprises*, 585 S.W.2d 674 (Tex.1979); *Coastal Plains Development Corporation v. Micrea, Inc.*, 572 S.W.2d 285 (Tex.1978); *Jones v. Del Andersen and Associates*, 539 S.W.2d 348 (Tex.1976); *Breeding v. Anderson*, 152 Tex. 92, 254 S.W.2d 377 (1953); *Collins v. McCombs*, 511 S.W.2d 745 (Tex. Civ.App.—San Antonio 1974, writ ref'd n. r. e.).

We recognize the rule stated in *Clements v. Withers*, 437 S.W.2d 818 (Tex. 1969), that the unenforceability of a contract as between the parties is no defense to a third party in an action for tortious interference with its performance. Conoco was a party to the contract, and its employees were not "third parties" within the meaning of *Clements*.

Our Supreme Court pointed out in *Black Lake Pipe Line Company v. Union Construction Company, Inc.*, 538 S.W.2d 80 (Tex.1976):

An important element in a right of recovery for contract interference is that the interference must be without right or justification. Interference with contractual relations is privileged where it results from the exercise of a party's own

rights or where the party possesses an equal or superior interest to that of the plaintiff in the subject matter.

See also *Maxey v. Citizens National Bank of Lubbock*, 507 S.W.2d 722 (Tex.1974); *Terry v. Zachry*, 272 S.W.2d 157 (Tex.Civ. App.—San Antonio 1954, writ ref'd n. r. e.). We hold that Speer's pleadings show that Article 6573a, supra, precludes any recovery from Conoco or its employees. The trial court properly granted the summary judgment. This point of error is overruled.

 Speer's other point of error charges the trial court with error in refusing to allow him to challenge two members of the jury panel for cause. That point is also overruled. The trial court found that those prospective jurors were not disqualified and the appellate courts are required to consider the evidence in the light most favorable to that ruling. *Compton v. Henrie*, 364 S.W.2d 179 (Tex.1963). The trial court was in a better position than an appellate court to evaluate the prospective jurors' sincerity and their capacity for fairness and impartiality. The court's finding that those prospective jurors were not biased or prejudiced should not be disturbed. *Swap Shop v. Fortune*, 365 S.W.2d 151 (Tex. 1963). Moreover, there was no showing that Speer was required to take an objectionable juror. Neither of the challenged persons served on the jury. In order to preserve his complaint, Speer would have been required to advise the trial judge, prior to exercising his peremptory challenges, that he wanted to challenge a particular juror who was not acceptable to him in addition to those he had peremptorily challenged. Tex.R.Civ.P. 434; *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764 (Tex.1964); *West Texas Utilities Company v. Bergstrom*, 458 S.W.2d 548 (Tex.Civ.App. —Eastland 1970, writ ref'd n. r. e.); *Hammon v. Texas & New Orleans Railroad Company*, 382 S.W.2d 155 (Tex.Civ.App.— Tyler 1964, writ ref'd n. r. e.), cert. denied, 382 U.S. 832, 86 S.Ct. 73, 15 L.Ed.2d 76 (1965).

The judgment of the trial court is affirmed.