Ex parte Michael Ray ALLEN.

No. 01–81–0432–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1981.

Discretionary Review Refused
May 26, 1982.

Gerald Hopkins, Houston, for appellant.

Larry Urquhart, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

EVANS, Chief Justice.

The applicant, indicted for attempted capital murder, sought pretrial relief in a habeas corpus proceeding filed in the trial court. The order of the trial court denying such relief will be affirmed.

The key question on this appeal is whether the indictment is void, and a determination of this question requires a review of past proceedings involving the applicant.

In 1974, the applicant was charged in juvenile court with attempted capital murder. That court waived jurisdiction and ordered the cause transferred to the criminal district court for trial for that offense. The applicant waived an examining trial and was indicted for attempted capital murder, aggravated robbery, and capital murder.

In 1975, the applicant was tried and convicted of capital murder and sentenced to life imprisonment. His conviction for capital murder was affirmed in 1977, and on the State's motion, the pending indictments against him for attempted capital murder and aggravated robbery were dismissed. However, on a post-conviction writ of habeas corpus, the capital murder conviction was set aside on the ground that the indictment had not been preceded by an examining trial or a valid waiver. Subsequently, in response to the State's motion for rehearing, the Court of Criminal Appeals withdrew its previous opinion and set aside applicant's conviction on the ground that because the original order of the juvenile court was not based upon the capital murder offense, the subsequent capital murder indictment was void.

A grand jury re-indicted the applicant for the offense of attempted capital murder, but the trial court set aside this indictment on the ground that there still had never been an examining trial or valid waiver. An examining trial was thereafter held, in which the trial court found probable cause, and a grand jury subsequently returned the second indictment for attempted capital murder.

In his first ground of error, the applicant contends that the order transferring jurisdiction from the juvenile court to the criminal district court was superceded by the indictment, rendering the order null and void. He argues that because the capital

murder indictment was determined to be void, the original transfer order was ineffective, and there was nothing to which the district court's jurisdiction could attach. Thus, he reasons, there was no basis for the examining trial which resulted in the current indictment.

Before a juvenile may be tried in district court as an adult: (1) a hearing must be conducted in juvenile court on the motion to transfer jurisdiction to the district court and an order entered by the juvenile court transferring jurisdiction; (2) an examining trial must be conducted in the district court, and that court must find probable cause and order the accused bound over to the grand jury; and (3) the case must be presented to the grand jury and an indictment returned against the accused. At any of these three steps, there may be a decision not to prosecute the juvenile as an adult. *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr. App.1977). At the second procedural step, the accused may waive the examining trial if the waiver is accomplished in accordance with § 51.09(a) of the Texas Family Code; *Criss v. State*, 563 S.W.2d 942 (Tex.Cr.App. 1978); *Ex parte Solete*, 603 S.W.2d 853 (Tex.Cr.App.1980).

■ The 1974 indictment for attempted capital murder was not preceded by an examining trial or by a valid waiver. Therefore, it was void and could not have superceded the order to the juvenile court transferring jurisdiction to the criminal district court. The first ground of error is overruled.

■ In his second ground of error, the appellant contends that because the original indictment was dismissed on the State's motion, this, in effect, voided the transfer order.

The appellant relies upon the holding in *Matter of V.C.H.*, 605 S.W.2d 643 (Tex.Civ. App.—Houston [1st Dist.] 1980, no writ), wherein this court held that when a transfer order was fatally defective, the district court never obtained valid jurisdiction over the accused juvenile, and the district court could only remand the child to the jurisdiction of the juvenile court. The facts of that case may be distinguished from those in the case at bar because, in the present case, the validity of the transfer order has not been questioned, and that order has remained in effect as to the offense of attempted capital murder. This ground of error, therefore, is overruled.

In his third ground of error, the applicant contends that the certification hearing constituted a trial on the merits, and consequently jeopardy attached as a matter of law.

In *Matter of Honsaker*, 539 S.W.2d 198, 201 (Tex.Civ.App.—Dallas 1976, writ ref. n. r. e.), it was held that the purpose of the transfer proceeding was not to determine the guilt or innocence of the juvenile, but rather to present evidence which would permit the juvenile court to determine whether the best interest of the juvenile and society would be served by maintaining juvenile custody of the proceeding or by transferring the juvenile for trial as an adult in the criminal district court. In that case, the court, at p. 201, warned: "obviously, there must not be a full trial on the merits during these proceedings because double jeopardy will attach."

■ In this habeas corpus proceeding, it is unnecessary to determine the applicant's contention that double jeopardy has attached.

In *Ex parte Spanell*, 85 Tex.Cr.R. 304, 212 S.W. 172 (1919). the court stated:

A plea of formal acquital, or conviction or jeopardy is one of fact as well of law, and the only proper place to have the same originally presented and determined is in a trial court upon a plea duly presented and supported ... The writ of habeas corpus was never intended to interrupt the due and orderly administration of criminal law.

The applicant's third ground of error is overruled.

■ In his fourth ground of error, the applicant contends that under the provisions of Section 54.02(g) of the Texas Family Code, jurisdiction was automatically re-

manded to the juvenile court at the time the 1974 waiver was determined inadequate, or at least when the first attempted capital murder indictment was dismissed by the State.

This ground of error is overruled. The dismissal of the original indictment on the State's motion merely suspended prosecution for the offense charged if and until a subsequent indictment was returned. Only a failure to establish probable cause during an examining trial actually conducted, not a failure to effectively waive the examining trial, would result in a remand of the child to juvenile court. The dismissal of the indictment on the State's motion did not automatically result in a remand of the proceedings to the juvenile court. This ground of error is overruled.

█ In his fifth ground of error, the applicant contends that further prosecution by the State should be barred by the consideration of fundamental fairness under due process of law. He argues that he has been compelled to "run the gauntlet" twice on the capital murder charge, once upon his post-conviction writ and once upon the aggravated robbery charge which resulted in dismissal, and that he has been forced through five proceedings on the attempted murder charge: the transfer proceeding, the waiver, and the original and two reindictments. In response the State argues that its prosecution of appellant should not be penalized because of the two-year period required for disposition of the direct appeal in the Court of Criminal Appeals and the three-year period required for determination of the post-conviction writ proceeding. The record reflects that the applicant waited more than a year to file the post-conviction application for writ of habeas corpus.

The State was entitled to rely upon the affirmance of the original capital murder conviction with its attendant life sentence until that conviction was reversed, and it did not act improperly in deciding to dismiss the other two indictments pending against the applicant. The record does not demonstrate any fundamental unfairness or denial of due process to the applicant. The fifth ground of error is overruled.

The trial court's order denying the relief sought by applicant is affirmed.