Willie James **FULLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–84–128–CR.

Court of Appeals of Texas, Texarkana.

Sept. 10, 1985.

William Wayne Landrum, Mt. Pleasant, for appellant.

Charles M. Cobb, Dist. Atty. of Titus County, Mt. Pleasant, for the State.

GRANT, Justice.

This appeal by Willie James Fuller who pleaded guilty to the offenses of aggravated robbery and burglary of a habitation concerns the subsequent procedures in district court after waiver and transfer of jurisdiction from the juvenile court to the district court. Fuller raises the denial of due process due to the delay of time and the violation of Tex.Fam.Code Ann. § 54.-02(j) (Vernon Supp.1985).

The relevant procedural events are as follows:

(1) On March 23, 1983, the petition alleging delinquent conduct including these offenses was filed in juvenile court. Fuller is sixteen years of age.

(2) On June 10, 1983, the State filed in juvenile court a petition for discretionary transfer of jurisdiction to the dis-

trict court in order to prosecute Fuller as an adult.

(3) On June 16, 1983, the juvenile court conducts the waiver of jurisdiction hearing and enters an order of transfer.

(4) On August 19, 1983, Fuller is indicted by the grand jury without a prior examining trial.

(5) On June 4, 1984, the trial court quashes the indictments involving this aggravated robbery and burglary of a habitation cause upon motion by Fuller.

(6) On June 6, 1984, an examining trial is conducted and these two cases are bound over by the district court for the grant jury's consideration. Fuller is now eighteen years of age.

(7) On June 14, 1984, Fuller is reindicted for these aggravated robbery and burglary of a habitation offenses for which he was convicted on September 11, 1984, at the age of eighteen.

Before a juvenile can be prosecuted as an adult in district court a three-step procedure must take place in the order as follows: (1) the transfer of jurisdiction hearing in juvenile court, (2) the examining trial in district court, and (3) the indictment by the grand jury. *Dupnik v. State*, 654 S.W.2d 780 (Tex.App.—Corpus Christi 1983, pet. ref'd); Tex.Fam.Code Ann. §§ 54.02(a), 54.02(h) (Vernon 1975).

Fuller claims that when the transfer order is valid but no examining trial is held prior to the indictment, then the district court has no jurisdiction and the juvenile court resumes jurisdiction. We disagree with this contention and interpretation of *Watson v. State*, 587 S.W.2d 161 (Tex.Cr.App.1979); *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979); and *Menefee v. State*, 561 S.W.2d 822 (Tex.Cr.App. 1977). As in the instant case, where a juvenile defendant is indicted by a grand jury after a valid transfer by order of a juvenile court to the district court to stand trial as an adult and subsequently the indictment is quashed, the jurisdiction over the defendant is not reacquired by the juve-

nile court and the quashing of the indictment does not invalidate all prior valid steps in the process. *Clemons v. State,* 630 S.W.2d 506 (Tex.App.—Austin 1982, pet. ref'd). The subsequent examining trial and indictments are valid, *Watson v. State,* supra; *Ex parte Allen,* 630 S.W.2d 693 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd), and the delay in time does not constitute or demonstrate any fundamental unfairness or denial of due process. *Ex parte Allen,* supra. Further, we find no absolute requirement to conduct the examining trial and grand jury indictment process prior to the juvenile's eighteenth birthday.

▇ We also find no application in this cause of Tex.Fam.Code Ann. § 54.02(j) (Vernon Supp.1985). This section applies only to juvenile prosecutions in the juvenile court of a person who allegedly committed delinquent (felony) conduct between the ages of fifteen and seventeen years if the juvenile could not be found or the State, after using due diligence, did not have probable cause to proceed originally and new evidence was discovered since or after the juvenile's eighteenth birthday. This section also provides that no prior adjudication proceeding or action must have occurred. In the instant case, Fuller was lawfully transferred to the jurisdiction of the district court at age seventeen. Once this transfer took place the juvenile court no longer had jurisdiction over the matter. *See Reyes v. State,* 647 S.W.2d 255 (Tex.Cr. App.1983).

Therefore, we affirm the judgments and convictions of the trial court.