Jesse Carlos GOMEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. B14–84–763–CR, B14–84–388–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 24, 1986.

James Stafford, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., David S. Knight, Douglas Davis, Calvin A. Hartmann, Houston, for appellee.

Before CANNON, PAUL PRESSLER and SEARS, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a conviction for capital murder. We affirm.

Appellant was indicted for the killing of Henry Ortiz while in the course of robbing him. A jury found the appellant guilty of capital murder. Appellant was sentenced to life in prison in the Texas Department of Corrections.

Appellant brings six grounds of error. In his first, he argues that the trial court erred in denying his motion for a mistrial because of the prosecutor's comment on appellant's failure to testify.

During the State's closing argument the prosecutor said:

[By MR. KNIGHT, the prosecutor]: Only the guilty run when a policeman confronts them. See, *he would not accept responsibility for what he did. Gilbert Rivera and David Estrella, they confessed.* (emphasis added).

Appellant asserts that the underlined portion of the argument is objectional as a comment on appellant's failure to testify.

Although a prosecutor's comment on a defendant's failure to testify is improper, this statement was not necessarily such a comment. The prosecutor was merely summarizing the evidence of appellant's conduct. See *Griffin v. State*, 554 S.W.2d 688 (Tex.Crim.App.1977); *Hicks v. State*, 525 S.W.2d 177 (Tex.Crim.App.1975). Therefore, the first ground of error is overruled.

In his second, third, and fourth grounds of error, appellant contends that the trial court erred in not granting a continuance when he was not given notice that Gilbert Rivera and David Estrella would testify and was not provided with their pre-trial statements.

Rivera and Estrella participated in the crime. On the morning of trial they decided to make pleas. Although not on the State's subpoena list, they were called as witnesses.

■ Notice of witnesses should be given. *Young v. State*, 547 S.W.2d 23 (Tex.Crim. App.1977). If a witness who is not disclosed is allowed to testify, the standard of review is whether the trial court abused its discretion in permitting the witness to testify. *Lincoln v. State*, 508 S.W.2d 635 (Tex. Crim.App.1974).

■ Abuse of discretion has a two part test: 1) did the State act in bad faith by calling the witnesses after failing to list them; 2) could appellant have reasonably anticipated that the witnesses would testify even though they were not listed?

■ The prosecutor did not know that Rivera and Estrella would be willing to testify until the morning of trial. Therefore, the State's action was not designed to mislead or done in bad faith.

Rivera's attorney informed appellant, three days before trial, that his client would probably testify. In *Hightower v. State*, 629 S.W.2d 920 (Tex.Crim.App.1981), the court held that defense counsel should have assumed that a witness not listed would testify when the prosecutor informed him, three or four days before trial, that a non-listed witness would be called. Appellant could have reasonably anticipated that Rivera would be called.

In *Bradshaw v. State*, 482 S.W.2d 233 (Tex.Crim.App.1972) The Court held that since the witness was a co-defendant, the defendant knew or should have known that the co-defendant could have testified. While Estrella is not a co-defendant, he had been charged with the same crime. It is logical to anticipate that an accomplice to a crime may become a states witness. The second, third, and fourth grounds of error are overruled.

In his fifth ground of error, appellant argues that statements in the testimony of Estrella regarding two hearsay matters was erroneously admitted.

Estrella went to the home of Manuel Peralez's (another participant in the crime) and met the appellant. Estrella had been told by Rivera that he wanted him to take Peralez to "go score." Appellant and Peralez entered Estrella's car, and at the instruction of Peralez, Estrella drove towards O. & O. Construction Company and parked four blocks away. Then appellant and Rivera entered another car and drove to the Construction Company where the murder took place. Estrella returned to Peralez's house to meet Rivera and drive him home.

While driving to the Construction Company, Estrella overheard a conversation between appellant and Peralez. At trial, Estrella testified: 1) that Peralez asked appellant "if he had his gun with him"; 2) that appellant shook his head yes; and 3) that Peralez told appellant to "go do the job."

Estrella also had a conversation with Rivera about what had happened at the Construction Company. He testified: 1) that Rivera told him "they had went to go rob O. & O. Construction and they had killed somebody"; 2) that appellant had done the killing; and 3) that appellant had stolen a watch.

The hearsay objection was overruled under the co-conspirator exception. It requires the evidence to show: 1) that at the time of the statement, Estrella was participating in a conspiracy with the passengers in his car to perform an unlawful act; and 2) that the statement was made in furtherance of the conspiracy. *See White v. State*, 451 S.W.2d 497 (Tex.Crim.App.1970); *Morgan v. State*, 519 S.W.2d 449 (Tex. Crim.App.1975). Appellant contends that there was no proof of a conspiracy.

 A conspiracy exists when two or more persons as shown by words or deeds agree to do an unlawful act. *See Young v. State*, 150 Tex.Cr.R. 378, 201 S.W.2d 46 (1947). It may be established by circumstantial evidence. *See Price v. State*, 410 S.W.2d 778 (Tex.Crim.App.1967); *White supra.* Here Estrella agreed to participate in a conspiracy by his action of driving the car. Estrella was, therefore, a co-conspirator, and the statement in his car on the way to the construction company was made in furtherance of the conspiracy.

 Estrella's testimony as to what Rivera said while driving from Peralez's house is not under the co-conspirator's exception. It was not made in furtherance of the conspiracy but after it had occurred. However, its admission was harmless error since Rivera later testified to the same matters. The fifth ground of error is overruled.

The sixth ground of error is based upon the trial court's refusal to excuse a juror.

 During voir dire, a prospective juror, Larry Kristynik, indicated that his personal economic situation might make it difficult for him to serve. He also said that he "would very much like to be involved" because it would make him feel that he had "done something worthwhile." Defense counsel asked whether Kristynik could hold to his evaluation of the evidence amidst contrary evaluations by eleven other jurors. Kristynik replied, "I can stay with what I believe in if it was me against the other eleven." Upon further examination, however, Kristynik stated that he could not be absolutely sure that his worries about his economic situation would not influence him. Defense counsel challenged Kristynik for cause. Before ruling, the court allowed questioning by the State. After questioning, both sides agreed that Kristynik was acceptable.

Several days later Kristynik was returned to court and explained that his wife was going to have a baby which would be an additional economic strain. He then stated that this additional responsibility might weigh heavily on him and cause him to go with the trend rather than his conscience. Defense counsel then challenged the juror for cause. Before answering the challenges, the court allowed the prosecution to question Kristynik. Kristynik stated that he would decide the case based on the evidence. After questioning, the trial judge denied appellant's challenge.

Whether Kristynik was biased or prejudiced was a factual determination to be made by the court on the evidence presented at the voir dire hearing. We must consider the evidence in the light most favorable to the trial court's ruling. *See Compton v. Henrie*, 364 S.W.2d 179 (Tex.1963); *Spear v. Continental Oil Company*, 586 S.W.2d 193 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.); *Duke v. Power Electric and Hardware Company*, 674 S.W.2d 400 (Tex.App.—Corpus Christi 1984, no writ). While Kristynik was equivocal in his answers, the court observed his demeanor and decided he would be a proper juror. The trial court's ruling was not against the great weight and preponderance of the evidence. *See McBroom v. Brown*, 277 S.W.2d 310 (Tex.Civ.App.—Beaumont 1955, writ ref'd n.r.e.); *Womack v. First National Bank of San Augustine*, 613 S.W.2d 548

(Tex.Civ.App.—Tyler 1981, no writ). The sixth ground of error is overruled.

█ In a consolidated case the appellant was indicted and convicted for aggravated robbery. The court assessed punishment at imprisonment in the Texas Department of Corrections for forty-five years.

In it appellant brings one ground of error. He argues the State failed to comply with the provisions of the Texas Speedy Trial Act.

A motion for Speedy Trial must be filed and brought to the attention of the court prior to trial. See Tex.Crim.Proc.Code Ann. § 32A.02, sec. 3 (Vernon Supp.1982–1983). Appellant's motion for Speedy Trial was not filed and acted on until November 11, 1984, four days after the trial had commenced. Therefore, he waived his right to complain under the Speedy Trial Act. *See Leal v. State,* 626 S.W.2d 866 (Tex.App.—Corpus Christi 1981, no pet.); *Ex Parte Allen,* 630 S.W.2d 693 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd); *Edwards v. State,* 661 S.W.2d 733 (Tex.App.—Beaumont 1983, no pet.). This ground of error is overruled.

The judgments of the trial court are affirmed.