Andrew DUNLAP, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–86–111 CR.

Court of Appeals of Texas, Beaumont.

May 18, 1988.

Tom Brown, Pace & Brown, Livingston, for appellant.

Don Keith, Criminal Dist. Atty., Livingston, for appellee.

## OPINION

DIES, Chief Justice.

A jury convicted Appellant of aggravated sexual assault and set punishment at sixteen years' confinement in the Texas Department of Corrections and a fine of $5,000. By three points of error, Appellant urges this court to reverse his conviction and remand the cause to the trial court for a new trial.

The indictment by which Appellant was charged alleged that he intentionally and knowingly caused the penetration of the female sexual organ of complainant, a person younger than fourteen years of age and not the spouse of Appellant, by inserting his fingers into the female sexual organ of complainant. On April 17, 1986, the trial court heard Appellant's motion for discovery. The court granted Appellant's request for a list of the names and addresses of all prosecution witnesses and possible prosecution witnesses.

On May 19, 1986, both sides announced "ready" for trial, and a jury was selected. During voir dire, the only possible witnesses the prosecution mentioned to the venire were police officers. Defense counsel mentioned that there might be witnesses who were children and police officers. No other

possible witnesses were mentioned by either party.

On May 20, 1986, when testimony was to begin, the State presented an amended witness list to counsel for Appellant. This amended list included at least five previously undisclosed witnesses. Among the newly disclosed witnesses was Dr. Larry Santillo. Appellant's counsel filed a motion for continuance based upon the fact that the amended witness list contained the names of witnesses not revealed in the State's original witness list, including Dr. Santillo. Appellant's counsel informed the trial court that he had had no opportunity to interview the newly revealed witnesses. The prosecutor responded by stating that three of the witnesses were relatives or neighbors of the complainant. He stated that he was not sure until the day before trial "exactly what role each had played in the events of that afternoon as far as who they spoke to and what they did."

The prosecutor further stated that the two newly revealed police officers, Darrell Longino and Cleburn Swilley, had only minimal participation in the case. The trial court then noted that Dr. Santillo was shown on the subpoena list in the court's file. The prosecutor then stated, "I gave a written list of witnesses to counsel and I think I left him off." Appellant's counsel then gave the trial court the witness list the State had initially provided him. The trial court stated, "He was listed in the file, though." The prosecutor informed the trial court that Dr. Santillo examined the complainant on the night of the incident and that his testimony would be on the results of that examination. The prosecutor clearly stated that Dr. Santillo was "on the subpoena list." Defense counsel did not dispute this statement in the trial court or in this appeal. The trial court overruled Appellant's motion for continuance.

■ By his first point of error, Appellant argues that the trial court erred in permitting Dr. Santillo to testify in that Dr. Santillo's identity was not divulged by the State as required by the court's pre-trial order. Upon a proper motion by the accused, the State's witnesses should be disclosed if they will be used by the State at any stage of the trial. *Young v. State*, 547 S.W.2d 23, 27 (Tex.Crim.App.1977). A trial court's decision to allow an undisclosed witness to testify will not be disturbed unless such decision constitutes an abuse of discretion. *Gomez v. State*, 709 S.W.2d 351, 353 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). In determining whether such action by the trial court constitutes abuse of discretion, appellate courts apply a two-part test. First, the court must determine whether the state acted in bad faith in calling the witness after failing to reveal him. Secondly, the court must determine whether the accused could have reasonably anticipated that the witness would testify, even though he was not listed. *See id.*

■ In the present case, the record contains neither of the witness lists the State provided Appellant, nor does it contain the subpoena list to which the trial court referred during trial. However, the record does clearly reveal that the State, at some time prior to the hearing on this matter, had subpoenaed Dr. Santillo. It is also clear from the remarks of the trial court that Appellant or his counsel could have discovered this fact. We cannot hold, due to the state of the record, that Appellant could have reasonably anticipated that Dr. Santillo might testify. However, we also cannot hold that the State called Dr. Santillo in bad faith when the court records openly revealed that Dr. Santillo had been subpoenaed. A prosecutor who wished to conceal a witness until he was about to testify would hardly subpoena that witness and thereby expose the fact that he intended to call that witness to testify. Since the record does not reveal when the State first filed its request that a subpoena should issue for Dr. Santillo, we must presume that the trial court found that the request was made far enough in advance of trial that no bad faith on the part of the State was shown. Therefore, Appellant's first point of error is overruled.

■ By his second and third points of error, Appellant complains that the trial court erred in denying his motion for continuance and that denial of this motion

violated his right to effective representation of counsel. Appellant filed a written motion for continuance, but neither he nor his counsel swore to the truthfulness of the facts alleged therein. According to statute, "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." *TEX. CODE CRIM.PROC. ANN. art. 29.08* (Vernon Supp.1988). There is no error in denial of a motion for continuance which does not comply with requirements of the Code of Criminal Procedure. *Curtis v. State,* 640 S.W.2d 615, 617 (Tex.Crim.App.1982). Appellant's second and third points of error are overruled, and the judgment of the trial court is affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority, in discussing point of error number one cites *Gomez v. State,* 709 S.W.2d 351 (Tex.App. —Houston [14th Dist.] 1986, pet. ref'd), which states, in absolute terms, a two-part test, *i.e.,* bad faith and surprise, in determining whether an abuse of discretion has occurred. In *Gomez,* the court states:

Abuse of discretion has a two part test: 1) did the State act in bad faith by calling the witnesses after failing to list them; 2) could appellant have reasonably anticipated that the witnesses would testify even though they were not listed?

*Id.* at 353. It is interesting to note that the *Gomez* court cites no authority for this holding. Our court of criminal appeals has on several occasions discussed the issue of whether witnesses who have not previously been identified should testify. In *Bridge v. State,* 726 S.W.2d 558 (Tex.Crim.App.1986), they state the following:

Factors to be considered in determining whether an abuse of discretion has occurred include whether the prosecutor in bad faith failed to disclose, ahead of time, the name of the witness.

. . . .

Another factor to be considered in determining whether there was an abuse of discretion is whether the defendant can reasonably anticipate that the witness would testify despite the absence of his name on any witness list.

*Id.* at 566–67 (citations omitted). Thus, the court did not establish an absolute test but suggests bad faith is one of several factors. The Fort Worth Court of Appeals also declined to set an absolute, as was done in *Gomez.* They stated in *Gray v. State,* 726 S.W.2d 640, 643 (Tex.App.—Fort Worth 1987, no pet.):

Two factors to be considered in this regard are whether the prosecutor withheld the name in bad faith and whether the appellant could have reasonably anticipated that the witness would testify even though his name was not included on the witness list.

In *Bridge,* the court was confronted with the following situation. The state learned of a witness during a pre-trial hearing conducted on Friday. The following Monday, when the trial commenced, appellant was given the name as a potential witness. That afternoon the witness was called to testify. The court offered Bridge's counsel a recess to talk to the witness. Counsel refused the offer. The court again offered a recess to be taken after direct examination. This offer was accepted. The witness then testified, and appellant's counsel proceeded to cross-examine the witness without taking the recess. Another witness was called to testify who was not on the list of witnesses. The appellant objected and the court offered "an opportunity to talk with and examine [the witness] at this time at any length you desire." The offer was declined. The court of criminal appeals could find no abuse of discretion.

An earlier case, *Hightower v. State,* 629 S.W.2d 920, 925 (Tex.Crim.App.1981) had language almost identical to that of *Bridge.* However, in *Hightower,* the prosecutor, before the witness list was furnished, had verbally informed appellant's counsel that he could assume the witness would be called to testify. Once again, the court of criminal appeals found no abuse of discretion.

In *Clay v. State,* 505 S.W.2d 882 (Tex. Crim.App.1974), the court found no abuse

of discretion because none of the witnesses testified to any contested fact issue in the case.

In the instant case, the prosecutor admitted that he knew the name of the witness, but left it off the witness list, albeit inadvertently. While the cases use the term "bad faith," I do not think they require malicious, devious conduct. In this case, the state could have agreed to the continuance requested by appellant. This certainly would have shown the absence of bad faith. There is nothing in the record to show that the state tendered, prior to trial, any report made by the doctor. This would show absence of bad faith. I do not mean to imply, in any way, that the burden is on the state to show the absence of bad faith. It is not. However, in this instance, there are none of the mitigating factors of the other cases present.

Therefore, I would sustain point of error number one. Because the majority does not, I respectfully dissent.