Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# CONCURRING OPINION

No. 04-07-00027-CR

James George **GUEVARA,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 1999-CR-1818B
Honorable Pat Priest, Judge Presiding[1]

Opinion by: Karen Angelini, Justice
Concurring opinion by: Steven C. Hilbig, Justice

Sitting:     Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:  January 28, 2009

Although I ultimately conclude the conviction should be affirmed, I am troubled by the majority's application of the co-conspirator exception to the hearsay rule and its holding that Minnie Salinas's statements to Tina Timmerman were admissible.  I do not believe the statements were admissible under that exception, but would hold the error in admission was harmless. Accordingly, I concur in the judgment.

---

[1] Sitting by assignment.

A statement offered against a party that was made by a co-conspirator during the course and in furtherance of a conspiracy is not hearsay. TEX. R. EVID. 801(e)(2)(E). This exception to the hearsay rule is "very narrow." *Byrd v. State*, 187 S.W.3d 436, 443 (Tex. Crim. App. 2005). The proponent of the statement must prove by a preponderance of the evidence the existence of a conspiracy and that the statement was made by a co-conspirator during the course and in furtherance of the conspiracy. *Meador v. State*, 812 S.W.2d 330, 332-34 (Tex. Crim. App. 1991); *Callaway v. State*, 818 S.W.2d 816, 831 (Tex. App.–Amarillo 1991, pet. ref'd). The court may consider the contested statements and the circumstances in which they were made in determining whether sufficient proof of a conspiracy exists. *Wilkerson v. State*, 933 S.W.2d 276, 280 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd) (citing *Bourjaily v. United States*, 483 U.S. 171, 180 (1987)).

Statements made after the completion of the conspiracy's objective are inadmissible. *Deeb v. State*, 815 S.W.2d 692, 696 (Tex. Crim. App. 1991), *cert. denied*, 505 U.S. 1223 (1992); *see also Ward v. State*, 657 S.W.2d 133, 137 (Tex. Crim. App. 1983) (holding wife's statements to police after victim killed not admissible as co-conspirator statement because made after murder occurred and conspiracy ended). The conspiracy that is the basis for the co-conspirator's statement need not be the offense for which the defendant is on trial. *U.S. v. Delgado*, 401 F.3d 290, 299 (5th Cir. 2005). These two rules lead the State to argue that while the conspiracy to murder Guevara's wife had terminated when Salinas made her statements to Timmerman, Guevara and Salinas had formed a new conspiracy to ensure Guevara "avoided apprehension." I believe the State failed to meet its burden to establish the existence of this conspiracy because it did not show an agreement between Guevara and Salinas.

### *No Agreement Shown*

"A conspiracy exists when two or more persons as shown by words or deeds agree to do an unlawful act." *Gomez v. State*, 709 S.W.2d 351, 354 (Tex. App.–Houston [14th Dist.] 1986, pet. ref'd) (citing *Young v. State*, 150 Tex. Crim. 378, 201 S.W.2d 46 (Tex. Crim. App. 1947)).  The majority holds the trial court acted within its discretion in finding Guevara and Salinas conspired to commit the offense of "hindering apprehension."  The majority cites the following evidence to support the existence of the conspiracy: the day of the murder, Guevara told the police in a written statement he lent Salinas his .22 caliber gun; later that night he spoke with Salinas; after speaking with Guevara, Salinas called Timmerman and in a subsequent conversation Salinas asked Timmerman to lie and tell "anyone who asked" that Timmerman had borrowed Salinas's gun; Salinas told Timmerman she had borrowed Guevara's nine millimeter gun; and Guevara gave another written statement to the police the next day repeating his earlier statement that he had lent his .22 caliber gun to Salinas because she had lent her gun to Timmerman.

Although the majority discusses at great length why it believes Salinas's conduct made her culpable under section 38.05 of the Penal Code for "hindering apprehension," it does not discuss whether or how the evidence showed Guevara and Salinas *agreed* Salinas would engage in that conduct. Without such agreement, there is no conspiracy, and Salinas's statements to Timmerman were not admissible against Guevara.  The only evidence the State offered was that Salinas and Guevara had a telephone conversation between the time Guevara gave his written statement to police and when Salinas called Timmerman and asked her to lie.  Without more, it would be gross speculation to make any findings about the substance of Guevara's and Salinas's conversation.

Because the State failed to present any evidence that Guevara was a party to a conspiracy to hinder apprehension, I would hold the trial court abused its discretion in finding a conspiracy existed and admitting Salinas's statements.

### *Harm analysis*

Guevara agrees any error in admitting the hearsay is non-constitutional error and his conviction must be upheld unless the error affected his "substantial rights. *See* TEX. R. APP. P. 44.2(b). After reviewing the record, I conclude it did not. Salinas's assertion to Timmerman that she had borrowed Guevara's nine millimeter pistol was the most damaging aspect of the statement because the victim was shot with the same caliber weapon. However, the State's evidence about the shell casings linked Guevara not just to a nine millimeter pistol, but to the probable murder weapon. As related by the majority opinion when discussing the sufficiency of the evidence, there is other evidence apart from the statement to support my conclusion Guevara's substantial rights were not affected by the court's error.

Steven C. Hilbig, Justice

PUBLISH