CONCURRING OPINION


No. 04-07-00027-CR



James George GUEVARA,


Appellant



v.



The STATE of Texas,


Appellee



From the 226th Judicial District Court, Bexar County, Texas


Trial Court No. 1999-CR-1818B


Honorable Pat Priest, Judge Presiding (1)



Opinion by: Karen Angelini, Justice

Concurring opinion by: Steven C. Hilbig, Justice


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: January 28, 2009 

 Although I ultimately conclude the conviction should be affirmed, I am troubled by the
majority's application of the co-conspirator exception to the hearsay rule and its holding that Minnie
Salinas's statements to Tina Timmerman were admissible. I do not believe the statements were
admissible under that exception, but would hold the error in admission was harmless. Accordingly,
I concur in the judgment.

 A statement offered against a party that was made by a co-conspirator during the course and
in furtherance of a conspiracy is not hearsay. Tex. R. Evid. 801(e)(2)(E). This exception to the
hearsay rule is "very narrow." Byrd v. State, 187 S.W.3d 436, 443 (Tex. Crim. App. 2005). The
proponent of the statement must prove by a preponderance of the evidence the existence of a
conspiracy and that the statement was made by a co-conspirator during the course and in furtherance
of the conspiracy. Meador v. State, 812 S.W.2d 330, 332-34 (Tex. Crim. App. 1991); Callaway v.
State, 818 S.W.2d 816, 831 (Tex. App.-Amarillo 1991, pet. ref'd). The court may consider the
contested statements and the circumstances in which they were made in determining whether
sufficient proof of a conspiracy exists. Wilkerson v. State, 933 S.W.2d 276, 280 (Tex. App.-Houston
[1st Dist.] 1996, pet. ref'd) (citing Bourjaily v. United States, 483 U.S. 171, 180 (1987)).

 Statements made after the completion of the conspiracy's objective are inadmissible. Deeb
v. State, 815 S.W.2d 692, 696 (Tex. Crim. App. 1991), cert. denied, 505 U.S. 1223 (1992); see also
Ward v. State, 657 S.W.2d 133, 137 (Tex. Crim. App. 1983) (holding wife's statements to police
after victim killed not admissible as co-conspirator statement because made after murder occurred
and conspiracy ended). The conspiracy that is the basis for the co-conspirator's statement need not
be the offense for which the defendant is on trial. U.S. v. Delgado, 401 F.3d 290, 299 (5th Cir.
2005). These two rules lead the State to argue that while the conspiracy to murder Guevara's wife
had terminated when Salinas made her statements to Timmerman, Guevara and Salinas had formed
a new conspiracy to ensure Guevara "avoided apprehension." I believe the State failed to meet its
burden to establish the existence of this conspiracy because it did not show an agreement between
Guevara and Salinas.

No Agreement Shown

 "A conspiracy exists when two or more persons as shown by words or deeds agree to do an
unlawful act." Gomez v. State, 709 S.W.2d 351, 354 (Tex. App.-Houston [14th Dist.] 1986, pet.
ref'd) (citing Young v. State, 150 Tex. Crim. 378, 201 S.W.2d 46 (Tex. Crim. App. 1947)). The
majority holds the trial court acted within its discretion in finding Guevara and Salinas conspired to
commit the offense of "hindering apprehension." The majority cites the following evidence to
support the existence of the conspiracy: the day of the murder, Guevara told the police in a written
statement he lent Salinas his .22 caliber gun; later that night he spoke with Salinas; after speaking
with Guevara, Salinas called Timmerman and in a subsequent conversation Salinas asked
Timmerman to lie and tell "anyone who asked" that Timmerman had borrowed Salinas's gun;
Salinas told Timmerman she had borrowed Guevara's nine millimeter gun; and Guevara gave
another written statement to the police the next day repeating his earlier statement that he had lent
his .22 caliber gun to Salinas because she had lent her gun to Timmerman. 

 Although the majority discusses at great length why it believes Salinas's conduct made her
culpable under section 38.05 of the Penal Code for "hindering apprehension," it does not discuss
whether or how the evidence showed Guevara and Salinas agreed Salinas would engage in that
conduct. Without such agreement, there is no conspiracy, and Salinas's statements to Timmerman
were not admissible against Guevara. The only evidence the State offered was that Salinas and
Guevara had a telephone conversation between the time Guevara gave his written statement to police
and when Salinas called Timmerman and asked her to lie. Without more, it would be gross
speculation to make any findings about the substance of Guevara's and Salinas's conversation. 
Because the State failed to present any evidence that Guevara was a party to a conspiracy to hinder
apprehension, I would hold the trial court abused its discretion in finding a conspiracy existed and
admitting Salinas's statements.Harm analysis

 Guevara agrees any error in admitting the hearsay is non-constitutional error and his
conviction must be upheld unless the error affected his "substantial rights. See Tex. R. App. P.
44.2(b). After reviewing the record, I conclude it did not. Salinas's assertion to Timmerman that
she had borrowed Guevara's nine millimeter pistol was the most damaging aspect of the statement
because the victim was shot with the same caliber weapon. However, the State's evidence about the
shell casings linked Guevara not just to a nine millimeter pistol, but to the probable murder weapon. 
As related by the majority opinion when discussing the sufficiency of the evidence, there is other
evidence apart from the statement to support my conclusion Guevara's substantial rights were not
affected by the court's error. 

 Steven C. Hilbig, Justice

PUBLISH
1. Sitting by assignment.